IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFRED ASHFORD,** | : | |
| Plaintiff | : | No. 1:23-cv-01714 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **JOHN BURGOS, Correction Official,** | : | |
| Defendant | : | |

## MEMORANDUM

Currently before the Court is Defendant's motion to dismiss for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court will grant this motion and dismiss this action with prejudice.

I.   BACKGROUND

Pro se Plaintiff Alfred Ashford, Jr. ("Ashford") commenced this action by filing an application for leave to proceed in forma pauperis ("IFP Application") and a complaint against Defendants Dauphin County Prison ("DCP") and DCP Correctional Officer John Burgos ("Burgos"), both of which the Clerk of Court docketed on October 16, 2023. (Doc. Nos. 1, 2.) In Ashford's complaint, he alleges that Burgos failed to protect him by informing other inmates at DCP that Ashford was a pedophile. (Doc. No. 1 at 2–3.)

When Ashford filed the IFP Application, he did not submit his certified prisoner trust fund account statement in accordance with 28 U.S.C. § 1915(a)(2). See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action . . . without prepayment of fees or security . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."). As such, an Administrative Order issued requiring the submission of Ashford's certified account

statement. (Doc. No. 4.) Ashford's certified account statement was later docketed with the Clerk of Court. (Doc. No. 5.)

On January 23, 2024, the Court issued an Order which, inter alia: (1) granted the IFP Application; (2) granted Ashford leave to file an amended complaint within thirty (30) days; (3) indicated that if Ashford did not file an amended complaint, "the Court will proceed by conducting a screening review of the complaint, or at least, the portions that are legible to the Court"; and (4) terminated DCP as a Defendant. See (Doc. No. 6). Ashford never filed an amended complaint in response to this Order or sought an extension of time to do so. Burgos filed a motion to dismiss this action for lack of prosecution along with a supporting brief on September 17, 2024. (Doc. Nos. 9, 10). Burgos's counsel then filed a notice indicating that Ashford had been released from DCP. (Doc. No. 11.) To date Ashford has not updated his new mailing address with the Clerk of Court.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure of a plaintiff "to prosecute or to comply with these rules or a court order[.]" See Fed. R. Civ. P. 41(b). District courts also have the inherent power to dismiss an action sua sponte for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); see also R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (stating that "[c]ourts possess inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and that "[t]his includes the authority to dismiss a case for lack of prosecution" (citation, internal citation, and internal quotation marks omitted)).

When determining whether to dismiss an action with prejudice for a plaintiff's failure to prosecute under Rule 41(b), the Court considers and balances the following six (6) factors set

forth by the Third Circuit Court of Appeals in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

See id. at 868–70; see also Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994) ("Ordinarily, when a court is determining sua sponte or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute" the court must consider the Poulis factors).[1]

---

[1] In a nonprecedential opinion, the Third Circuit Court of Appeals explained that even though district courts should ordinarily apply Poulis when considering whether to dismiss an action with prejudice for failure to prosecute, "when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary." See McLaren v. N.J. Dep't of Educ., 462 F. App'x 148, 149 (3d Cir. 2012) (unpublished) (citing Guyer v. Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and Spain, 26 F.3d at 454–55). The Third Circuit identified a plaintiff's failure to provide the court with an up-to-date address as an example of a litigant's conduct making a case impossible to adjudicate. See id. In these circumstances,

> although courts are normally required to consider whether a lesser sanction would be appropriate (when applying Poulis), "[t]he district court could not contact [the plaintiff] to threaten [them] with some lesser sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."

See id. (quoting Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)) (alterations in original). Following this reasoning, the Third Circuit concluded that it was not an abuse of discretion for a district court to dismiss a "case as a sanction for [the plaintiff's] failure to provide the Court with an accurate mailing address." See id.

Several district courts have adopted the Third Circuit's reasoning and dismissed actions with and without prejudice for failure to prosecute without considering Poulis where the plaintiff failed to update their address. See, e.g., Patel v. Benjamin, No. 23-cv-00972, 2023 WL 11983380, at *2 (M.D. Pa. Nov. 2, 2023) (explaining that because of "the plaintiff's failure to provide the court with an appropriate current address . . ., neither the court nor the defendant has any way to communicate with the plaintiff making it impossible to move this litigation forward" and determining that dismissal of the action without prejudice was warranted "because the plaintiff abandoned her affirmative obligation of updating the court as to her address" (citing Capozzi v.

3

However, no single factor is dispositive, and not all factors must be satisfied for the Court to dismiss an action. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (stating that "we have also made it clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint'" (quoting Mindek, 964 F.2d at 1373)). Nevertheless, because "'dismissals with prejudice . . . are drastic sanctions' . . . it is imperative that the District Court have a full understanding of the surrounding facts and circumstances pertinent to the Poulis factors before it undertakes its analysis." See Briscoe, 538 F.3d at 258 (quoting Poulis, 747 F.2d at 867–68).

## III.   DISCUSSION

Burgos contends that the Court should dismiss this action with prejudice because Ashford has failed to prosecute this case.[2] (Doc. No. 10 at 3–7.) To determine whether dismissal is appropriate here, the Court will consider each of the Poulis factors.

---

Catering By Marlins, Inc., No. 17-cv-02413, 2021 WL 5504753, at *1–2 (M.D. Pa. Oct. 20, 2021), report and recommendation adopted, 2021 WL 5494317 (M.D. Pa. Nov. 23, 2021)); Welch v. City of Philadelphia, No. 11-cv-04670, 2012 WL 1946831, at *4 (E.D. Pa. May 30, 2012) (dismissing action with prejudice for lack of prosecution and explaining that "when neither the Court nor opposing counsel can reach the plaintiff because he has not furnished an up-to-date address . . ., and when plaintiff has not responded to his opponents' allegations regarding his failure-to-prosecute . . ., we have no choice but to act on the information before us; Plaintiff has, in essence, made adjudication of the case impossible."). Here, even if this line of reasoning was persuasive, the Court would consider the Poulis factors before granting Defendants' motion because of the possible application of the statute of limitations if Ashford were to try to refile this case. See, e.g., Hernandez v. Palakovich, 293 F. App'x 890, 894 n.8 (3d Cir. 2008) (unpublished) (explaining that district courts must apply Poulis where "a pro se litigant's right to bring suit may well be irretrievably lost if the dismissal stands"); Davis v. Giorla, No. 14-cv-6629, 2016 WL 6905387, at *1 (E.D. Pa. Nov. 22, 2016) (explaining that balancing Poulis factors was needed because any dismissal would be with prejudice due to statute of limitations bar).

[2] In his motion to dismiss for lack of prosecution, Burgos contends that the Court should dismiss this action due to Ashford's failure to file an amended complaint in accordance with the Court's January 23, 2024 Order. See (Doc. No. 10 at 3). He appears to believe that there is no operative complaint in this case and argues that the Court should consider Ashford's failure to file an

4

A.      **The Party's Personal Responsibility**

The first factor is the extent of the party's personal responsibility. Here, Ashford is personally responsible for his failure to prosecute. He is prosecuting this matter in a pro se capacity and has no one else to blame for his failure to act in this case. See Briscoe, 538 F.3d at 258–59 ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in [their] case because a pro se plaintiff is solely responsible for the progress of [their] case . . . ."); see also Clarke v. Nicholson, 153 F. App'x 69, 73 (3d Cir. 2005) (unpublished) ("[U]nlike a situation where dismissal is predicated upon an attorney's error, the plaintiff here was pro se and directly responsible for her actions and inaction in the litigation."). In addition, upon filing his complaint in this case, Ashford received notice of his obligation to update his address and the possibility that this case could be dismissed if he failed to do so:

> ***Change-of-address notice***. Local Rule of Court 83.18 requires pro se plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

See (Doc. No. 3-2 at 3–4).[3] Therefore, since Ashford is personally responsible for failing to prosecute this case, agreed to update his address with the Clerk of Court, and had notice that he

---

amended complaint despite the passage of several months as his abandonment of this action. Burgos appears to misunderstand the Court's January 23, 2024 Order. In that Order, the Court stated that if Ashford failed to file an amended complaint, the Court would screen his original complaint. See (Doc. No. 6 at 3). When Ashford failed to file an amended complaint, the only effect of that failure is that the Court will screen his original complaint. Nevertheless, the Court will review the Poulis factors to determine whether dismissal for lack of prosecution is appropriate here.

[3]  Local Rule 83.18 states in pertinent part as follows:

> Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a

risked dismissal of this case if he failed to update his address, this first factor weighs heavily in favor of dismissal.[4]

### B. Extent of Prejudice to the Defendant

The second factor is the extent of prejudice to Burgos caused by Ashford's failure to prosecute. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe, 538 F.3d at 259 (citation and internal quotation marks omitted). Prejudice, however, "is not limited to irremediable or irreparable harm. It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." See id. (citations and internal quotation marks omitted). For example, prejudice can "include the burden that a party must bear when forced to file motions in response to the strategic discovery tactics of an adversary[.]" See Ware v. Rodale Press, Inc., 322 F.3d 218, 223 (3d Cir. 2003) (citation omitted); see also Poulis, 747 F.2d at 868 (concluding that the district court's finding of prejudice to the defendant was "supported by the record" where "[t]he interrogatories were never answered nor were objections filed[, and] defense counsel was obliged to file a motion to compel answers, and was obliged to file its pretrial statement without the opportunity to review plaintiffs' pretrial statement which was due to be filed first").

---

    current address at which all notices and copies of pleadings, motions or papers in
    the action may be served upon such party.

See M.D. Pa. L.R. 83.18.

[4] The court notes that although Ashford was incarcerated at DCP at the time he commenced this lawsuit, all of his failures to comply with court orders and other litigation responsibilities have occurred once he was released from DCP.

Here, Burgos is prejudiced by Ashford's failure to update his address because it makes "it impossible for [them] to proceed with this case." See Dorsey v. Marsh, No. 23-cv-01390, 2023 WL 8259259, at *1 (M.D. Pa. Nov. 29, 2023).  Thus, the second factor weighs in favor of dismissal.

### C.     The Plaintiff's History of Dilatoriness

The third factor is whether Ashford has a history of dilatoriness.  A court can find a pattern of dilatoriness where there has been "extensive or repeated delay or delinquency . . . such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  See Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 873–74 (3d Cir. 1994).  Here, Ashford has not taken any action in this case since filing his complaint in October 2023.  As such, Ashford has demonstrated a history of dilatoriness, which weighs in favor of dismissal.

### D.     Whether the Plaintiff's Conduct Was Willful or in Bad Faith

The fourth factor is whether Ashford's conduct was willful or in bad faith.  In evaluating this factor, the Court must determine whether the conduct at issue reflects mere inadvertence or negligence, or conversely, whether it is "the type of willful or contumacious behavior which [can be] characterized as 'flagrant bad faith.'"  See Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).  There is nothing in the record to indicate that Ashford's failure to update his address constitutes mere inadvertence or negligence, but the Court cannot similarly ascertain whether this conduct demonstrates flagrant bad faith.  Ashford has been "silent, and . . . silence is ambiguous." See El-Hewie v. Paterson Pub. Sch. Dist., No. 13-cv-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015).  As such, the Court finds that this factor is neutral.

### E.     The Effectiveness of Sanctions Other Than Dismissal

The fifth factor is the effectiveness of sanctions other than dismissal.  "[S]anctions less than dismissal [are] ineffective when a litigant . . . is proceeding pro se and in forma pauperis." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (unpublished); see also Briscoe, 538 F.3d at 262–63 ("[W]here a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, we have upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, 'would not be an effective alternative.'" (quoting Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002))).  Here, Ashford is proceeding in forma pauperis, so the threat of monetary compliance (including fines, costs, or payment of attorney's fees) is unlikely to prompt compliance.  Therefore, this factor weighs in favor of dismissal.

### F.     The Meritoriousness of the Claim(s)

The sixth and final factor is the meritoriousness of Ashford's claims in his complaint.  When evaluating this factor, courts must apply the Rule 12(b)(6) standard for addressing motions to dismiss.  Here, Ashford generally alleges that Burgos told other inmates that he was a pedophile.  See (Doc. No. 1 at 2–3)  These allegations are sufficient to state a plausible failure-to-protect claim against Burgos.  See, e.g., Allam v. McGinley, No. 20-cv-00933, 2022 WL 993072, at *6 (M.D. Pa. Feb. 25, 2022) ("Similar to being labeled a snitch, labeling an inmate as a sex offender can endanger an inmate's safety." (citations omitted)), report and recommendation adopted, 2022 WL 987739 (M.D. Pa. Mar. 31, 2022).  Thus, this factor weighs against dismissal.

### G.     Balancing the Factors

The Court must now balance the Poulis factors.  When balancing these factors, there is no "magic formula" or mathematical calculation used to direct a particular result.  See Briscoe, 538

8

F.3d at 263.  Also, as stated above, "no single <u>Poulis</u> factor is dispositive," and that "not all of the <u>Poulis</u> factors need be satisfied in order to dismiss a complaint."  See <u>Ware</u>, 322 F.3d at 222; <u>Mindek</u>, 964 F.2d at 1373.  In balancing the factors here, the Court is mindful that dismissal "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits."  <u>See</u> <u>Liggon-Reading v. Est. of Sugarman</u>, 659 F.3d 258, 260 n.1 (3d Cir. 2011) (citations omitted).

In this case, the first, second, third, and fifth factors weigh heavily in favor of dismissal. The fourth factor is neutral, and the only factor weighing against dismissal is the sixth factor. Although the Court recognizes that Ashford has alleged a claim with possible merit, there are simply no alternative sanctions that would adequately punish Ashford, and the case cannot proceed without his participation and an address to which Burgos and the Court can communicate with him.  Since at least mid-October 2023, which is almost two (2) years ago, Ashford has not shown any interest to continue prosecuting this case.  Therefore, the Court finds that upon balancing the <u>Poulis</u> factors, dismissal with prejudice is warranted and appropriate in this case.

## IV.  CONCLUSION

For the reasons stated above, the Court will grant Burgos's motion to dismiss this action for lack of prosecution and will dismiss it with prejudice.  An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania